**FILED ELECTRONICALLY**

Hillary Richard (HR 6941)
Claire Coleman (CC 2252)
BRUNE & RICHARD LLP
80 Broad Street
New York, New York 10004
(212) 668-1900

Attorneys for Hartwell Industries, Inc.

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOTAL SPORTS RESOURCES, LLC<br>and FOREIGN RESOURCES CORPORATION,<br><br>                Plaintiffs,<br><br>     v.<br><br>HARTWELL INDUSTRIES, INC.,<br><br>              Defendant. | No. 08 CV 5865 (MGC)<br><br>ECF |

**MEMORANDUM OF LAW IN SUPPORT OF HARTWELL INDUSTRIES, INC.'S
MOTION TO DISMISS COMPLAINT**

Dated:   New York, New York
         July 22, 2008

## TABLE OF CONTENTS

INTRODUCTION .............................................................................................................1

STATEMENT OF FACTS ..............................................................................................1

ARGUMENT ...................................................................................................................3

I.    STANDARD APPLICABLE TO A MOTION TO DISMISS BASED ON A
      FORUM SELECTION CLAUSE ......................................................................3

II.   VENUE IN THIS DISTRICT IS IMPROPER PURSUANT TO THE PARTIES'
      MANDATORY FORUM SELECTION CLAUSE ............................................4

CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*AmerMed Corp. v. Disetronic Holding AG,*
   6 F. Supp. 2d 1371 (N.D.Ga. 1998) ................................................................. 7

*AVC Nederland B.V. v. Atrium Inv. P'ship,*
   740 F.2d 148 (2d Cir. 1984) ........................................................................... 3

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002) ........................................................................... 2

*Cfirstclass Corp. v. Silverjet PLC,*
   No. 07 Civ. 6371, 2008 WL 2389811 (S.D.N.Y. June 11, 2008)............................ 3-4, 5-6, 6-7

*Credit Suisse Sec. (USA) LLC v. Hilliard,*
   469 F. Supp. 2d 103 (S.D.N.Y. 2007) ............................................................... 7

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,*
   No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept.7, 2000)............................ 6

*Erie Railroad Co. v. Tompkins,*
   304 U.S. 64 (1938)...................................................................................... 5

*Eslworldwide.com, Inc. v. Interland, Inc.,*
   No. 06 Civ. 2503, 2006 WL 1716881 (S.D.N.Y. June 21, 2006)............................ 4

*Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V.,*
   145 F.3d 505 (2d Cir. 1998) ........................................................................... 3

*Faberge USA, Inc. v. Ceramic Glaze, Inc.,*
   No. 87 Civ. 5780, 1988 WL 31853 (S.D.N.Y. Mar. 28, 1988) ................................ 8

*Greater New York Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,*
   211 F.R.D. 71 (E.D.N.Y. 2002)....................................................................... 4

*Iero v. Mohawk Finishing Products, Inc.,*
   243 Ga.App. 670, 534 S.E.2d 136 (2000)............................................................ 8

*Jones v. Weibrecht,*
   901 F.2d 17 (2d Cir. 1990) ............................................................................ 5

*JVC Prof'l Prods., Co. v. HT Elec., Inc.,*
   No. 99 Civ. 3425, 1999 WL 1080280 (S.D.N.Y. Dec. 1, 1999)................................ 8

*M/S Bremen v. Zapata Off-Shore Co.,*
  407 U.S. 1 (1972)...................................................................................... 4, 7-8

*New Moon Shipping Co. v. MAN B & W Diesel AG,*
  121 F.3d 24 (2d Cir. 1997) ......................................................................... 3

*OFC Capital v. Colonial Distrib., Inc.,*
  285 Ga.App. 815, 648 S.E.2d 140 (2007)................................................. 5

*Phillips v. Audio Active Ltd.,*
  494 F.3d 378 (2d Cir. 2007) .................................................................. 3, 4-5

*S.K.I. Beer Corp. v. Baltika Brewery,*
  443 F. Supp. 2d 313 (E.D.N.Y. 2006) ...................................................... 8

*Stewart Org., Inc. v. Ricoh Corp.,*
  810 F.2d 1066 (11th Cir.1987) (en banc),
  *aff'd and remanded on other grounds,* 487 U.S. 22 (1988).................... 5, 7

*Wolf v. AVX Corp.,*
  No. 08 Civ. 934, 2008 WL 2695092 (S.D.N.Y. June 27, 2008)................ 9

Defendants Hartwell Industries, Inc. ("Hartwell"), by and through their attorneys, Brune & Richard LLP, respectfully submit this memorandum of law in support of their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3).

## INTRODUCTION

The issue addressed in this motion to dismiss is straightforward. Plaintiffs entered into an Exclusive Distributor Agreement (the "Agreement") which contains a clear and unambiguous forum selection clause mandating that any dispute arising out of the Agreement be subject to the exclusive jurisdiction of Georgia courts. Despite this unambiguous term, plaintiffs have initiated litigation against defendant Hartwell in New York.

This litigation is contrary to the contract and contrary to applicable law. Courts give great deference to the forum selected by parties to a contract, and such clauses are routinely honored by courts unless the plaintiff can show that it would be unreasonable or unjust to do so. Indeed, where, as here, a forum selection clause exists between two sophisticated business parties, such a showing is particularly difficult to make. Plaintiffs make not claim that the forum selection clause in the contract at issue is unjust or unreasonable; rather, they ignore the provision entirely.

Because the parties contracted to litigate all disputes arising from their Agreement in Georgia, the Complaint should be dismissed for failure to comply with the forum selection clause.

## STATEMENT OF FACTS

This dispute arises out of an agreement between Hartwell Industries, Inc., a retailer and distributor of sports fashions, and plaintiffs Total Sports Resources, LLC ("Total Sports") and its wholly owned subsidiary Foreign Resources Corporation ("FRC" collectively, "plaintiffs"), a

manufacturer and buying agent for athletic apparel.  The Complaint only states bare bones facts

and allegations, which Hartwell accepts as true, as it must, for purposes of this motion.

The parties signed a Buying Agency Agreement on August 17, 2005 (the "Buying

Agreement").  (*See* June 24, 2008 Complaint ("Compl." ¶ 6, Ex. A.)  Under the terms of the

Buying Agency Agreement, plaintiffs were to arrange for vendors to sell goods directly to

Hartwell, and Hartwell was to pay plaintiff a commission on the goods bought from the vendor.

(*Id.* at 7.)

On December 11, 2005, the parties entered into a new Exclusive Distributor Agreement

(the "Agreement"), pursuant to which plaintiffs were to act as Hartwell's distributor of co-

developed custom athletic apparel products in specified market segments.  (Compl. Ex. B ¶ 13.)[1]

As the face of the document reflects, the Agreement superseded the Buying Agreement:

> (l)     Entire Agreement.     This Agreement, including Exhibits attached hereto,
> *constitutes the complete and exclusive statement between the parties and
> supersedes all prior agreements, understandings, and communication of any kind
> by and between the parties,* whether written or oral, with respect to the subject
> matter hereof.  This Agreement may be amended, modified, superseded, or
> cancelled, and the terms and conditions hereof may be waived only by a written
> instrument signed by the parties hereto or, in the case of a waiver, by the party
> waiving compliance.

(*Id.* ¶ l) (emphasis added).  The Agreement also contains the following choice of law and forum

selection clauses:

> 16.  Governing Law: Jurisdiction.  This Agreement, and all the rights and duties
> of the parties arising from or relating in anyway to the subject mater hereof, will
> be governed by, construed and enforced in accordance with, the last of the State
> of Georgia, without regard to the choice of law or like rules of Georgia or any
> other jurisdiction.

---

[1]     The Buying Agreement and the Agreement may be considered on this motion because
they were cited in and attached to the Complaint.  *See e.g., Chambers v. Time Warner,
Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

17.  Proceedings.  Any dispute, controversy, or other proceedings arising out of or related to this Agreement will be subject to the exclusive jurisdiction of the state and federal courts located in Atlanta, Georgia, and the parties hereby submit to the personal jurisdiction and venue of such courts.

(*Id.* ¶¶ 16-17.)

According to the Complaint, Hartwell failed to pay certain commissions owed to plaintiffs for sales of products delivered and received by Hartwell, and failed to pay for orders of fabric purchased and ordered for Hartwell.  (*Id.* ¶¶ 9, 15, 19, 43.)  Plaintiffs claim that Hartwell owes it $962,398.57.

## ARGUMENT

### I.    STANDARD APPLICABLE TO A MOTION TO DISMISS BASED ON A FORUM SELECTION CLAUSE

In the Second Circuit, there is a split of authority regarding the appropriate procedural mechanism by which to enforce a forum selection clause. *See New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F.3d 24, 28-29 (2d Cir. 1997) ("[T]here is no existing mechanism with which forum selection enforcement is a perfect fit").  "Decisions variously suggest that the proper vehicle would be (1) a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), *see AVC Nederland B.V. v. Atrium Inv. P'ship,* 740 F.2d 148, 152 (2d Cir. 1984); (2) a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), *see Phillips v. Audio Active Ltd.,* 494 F.3d 378, 382 (2d Cir. 2007); and (3) a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), *see Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.,* 145 F.3d 505, 508 n. 6 (2d Cir. 1998)." *Cfirstclass Corp. v. Silverjet PLC,* No. 07 Civ. 6371, 2008 WL 2389811, at *2-6 (S.D.N.Y. June 11, 2008).

Under any of these vehicles, "[t]he burdens on a plaintiff opposing enforcement of a forum selection clause are similar to those 'imposed on a plaintiff to prove that the federal court has subject matter jurisdiction over his suit or personal jurisdiction over the defendant.'" *Id.*

(quoting *New Moon Shipping,* 121 F.3d at 29.)   Accordingly, courts apply the standard of review

applicable to motions to dismiss for lack of jurisdiction, taking the facts in the light most

favorable to the party resisting enforcement of the forum selection clause." *Id.*

## II.    VENUE IN THIS DISTRICT IS IMPROPER PURSUANT TO THE PARTIES' MANDATORY FORUM SELECTION CLAUSE

Plaintiffs' claims must be dismissed because this action is subject to a forum selection

clause mandating resolution of their claims in the state or federal courts of Georgia.  The

Supreme Court of the United States has directed courts to give full effect to forum selection

clauses such as those contained in the Agreement. *See The M/S Bremen v. Zapata Off-Shore Co.,*

407 U.S. 1, 12 (1972) (*cited in New Moon Shipping Co. v. Man B & W Diesel AG,* 121 F.3d 24,

29 (2d Cir. 1997) ("*M/S Bremen* requires us to consider the validity and enforceability of a forum

selection clause, giving substantial deference to the parties' selected forum.")); *see also*

*Eslworldwide.com, Inc. v. Interland, Inc.,* No. 06 Civ. 2503, 2006 WL 1716881, at * 2 (S.D.N.Y.

June 21, 2006) ("Forum selection clauses are presumed valid and enforceable."). Therefore, "[a]

plaintiff who brings suit in a forum other than the one designated by the forum selection clause

carries the burden to make a 'strong showing' in order to overcome the presumption of

enforceability."  *Greater New York Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,* 211 F.R.D.

71, 84 (E.D.N.Y. 2002).

Following *The M/S Bremen,* the "Second Circuit has developed a strong policy of

honoring forum selection clauses as written." *Greater New York Auto. Dealers Ass'n,* 211 F.R.D.

at 84.  The Second Circuit has developed a four-part analysis to determine whether to dismiss a

claim based on a forum selection clause, which was recently summarized in *Phillips* as follows:

> The first inquiry is whether the clause was reasonably communicated to the party
> resisting enforcement. *See, e.g., D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 103
> (2d Cir.2006). The second step requires us to classify the clause as mandatory or
> permissive, i.e., to decide whether the parties are required to bring any dispute to

the designated forum or simply permitted to do so. *See John Boutari & Son,
Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.,* 22 F.3d 51, 53 (2d
Cir.1994). Part three asks whether the claims and parties involved in the suit are
subject to the forum selection clause. *See, e.g., Roby v. Corp. of Lloyd's,* 996 F.2d
1353, 1358-61 (2d Cir.1993).

If the forum clause was communicated to the resisting party, has mandatory force
and covers the claims and parties involved in the dispute, it is presumptively
enforceable. *See id.* at 1362-63. The fourth, and final, step is to ascertain whether
the resisting party has rebutted the presumption of enforceability by making a
sufficiently strong showing that "enforcement would be unreasonable or unjust, or
that the clause was invalid for such reasons as fraud or overreaching." *M/S
Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513
(1972) ....

*Phillips,* 494 F.3d at 383-84 (internal quotation marks and citations omitted).

As a general rule, in diversity actions such as the present case, federal law governs

matters of procedure, while state law controls matters of substantive law. *See Erie Railroad Co.*

*v. Tompkins,* 304 U.S. 64, 80 (1938). The Second Circuit has held that federal law governs the

validity of forum selection clauses in diversity actions. *Jones v. Weibrecht,* 901 F.2d 17, 19 (2d

Cir. 1990) ("Questions of venue and the enforcement of forum selection clauses are essentially

procedural, rather than substantive, in nature."). *See also Stewart Organization, Inc. v. Ricoh*

*Corp.,* 810 F.2d 1066, 1068 (11th Cir. 1987), *affirmed on other grounds,* 487 U.S. 22 (1998)

("federal law, not [state] law, must be applied to determine the effect of forum selection

clauses.") The Second Circuit, however, "has suggested that where the contract contains a

choice-of-law provision, the second and third parts of the four-part inquiry should be governed

by the law that it specifies – that is, the law that will govern interpretation of the contract itself."[2]

*Cfirstclass Corp.,* 2008 WL 2389811 at *6 n. 2  (citing *Phillips,* 494 F.3d at 386).  Alternatively,

---

[2]    Under Georgia law, "forum selection clauses are prima facie valid and should be
enforced unless enforcement is shown by the resisting party to be unreasonable under the
circumstances." *OFC Capital v. Colonial Distrib., Inc.,* 285 Ga.App. 815, 817, 648
S.E.2d 140 (2007).  Therefore, there is no conflict here between state and federal law.

where parties do not invoke any distinctive feature of that law in their briefs, "courts may apply 'general contract law principles and federal precedent to discern the meaning and scope of the forum clause.' The fourth part of the analysis, as a procedural rule, is governed by federal law. *Id.* (quoting *Phillips,* 494 F.3d at 384-84.)

Here, under both federal and Georgia state law principles, Hartwell meets all four conditions under the four-part analysis invoked by the Second Circuit, mandating enforcement of the forum selection clause.

*First*, the forum selection clause was reasonably communicated to plaintiffs. There is no dispute that plaintiffs were aware that the contract contains a forum selection clause since both plaintiffs were parties to the contract. *Cf. Direct Mail Prod. Servs. Ltd. v. MBNA Corp.,* No. 99 Civ. 10550, 2000 WL 1277597, at *2 (S.D.N.Y. Sept.7, 2000) (a forum selection clause is binding on a non-party where non-party is "'closely related' to one of the signatories to the contract.") The Agreement at issue specifically defines Total Sports as a division of FRC and binds both entities to the agreement. (*See* Compl. Ex. B.) After attaching the Agreement to the complaint, plaintiffs cannot now claim they were not fully familiar with the terms therein. As a result, the terms of the Agreement upon which plaintiffs seek to rely in this suit must be honored.

*Second*, the forum selection clause clearly mandates each party to bring claims in the state and federal courts located in Atlanta, Georgia. The clause reads as follows: "Any dispute, controversy, or other proceedings arising out of or related to this Agreement *will* be subject to the *exclusive* jurisdiction of the state and federal courts located in Atlanta, Georgia, and the parties hereby submit to the personal jurisdiction and venue of such courts." (Compl. Ex. B ¶ 17) (emphasis added). Such language is on its face clearly mandatory, as the "language plainly declaims 'the parties' intent to make jurisdiction exclusive.'" *Cfirstclass Corp.*, 2008 WL

2389811, at *3 (quoting *John Boutari & Son v. Attiki Importers,* 22 F.3d 51, 52-53 (2d Cir.1994)
(internal quotation marks omitted)); *see also AmerMed Corp. v. Disetronic Holding AG*, 6 F.
Supp. 2d 1371, 1374 (N.D.Ga. 1998) (under both federal and Georgia law, where exclusivity is
unambiguous, forum selection clauses should be enforced).

      *Third*, as plaintiffs acknowledge in the Complaint, both the parties and the claims at issue
are subject to the Agreement (Compl. ¶ 13), including the Agreement's forum selection clause.
As signatories to the Agreement, plaintiffs can make no argument that they are not bound by the
Agreement's terms.  Moreover, plaintiffs' causes of action against Hartwell, though not
identified with any particularity, all resemble breach of contract claims for failure to pay for
goods and services provided by plaintiffs pursuant to the Agreement.  Such claims are
undoubtedly "arising out of or related to this Agreement," (Comp. Ex. B ¶ 17) and therefore are
encompassed by the forum selection clause. *See Credit Suisse Sec. (USA) LLC v. Hilliard,* 469
F. Supp. 2d 103, 107 (S.D.N.Y. 2007) (When "arising out of," "relating to," or similar language
appears in a forum selection clause, "such language is regularly construed to encompass …
claims associated with the underlying contract."); *Stewart Org., Inc.,* 810 F.2d at 1070
(agreement to litigate "any case or controversy arising under or in connection with" their contract
encompassed "all causes of action arising directly or indirectly from the business relationship
evidenced by the contract.")

      *Fourth*, and finally, the enforcement of the forum selection clause is both reasonable and
just.  Following Supreme Court precedent, a forum selection clause is prima facie valid and will
be enforced unless "the resisting party has rebutted the presumption of enforceability by making
a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the
clause was invalid for such reasons as fraud or overreaching." *The M/S Bremen,* 407 U.S. at 15.

*See also S.K.I. Beer Corp. v. Baltika Brewery,* 443 F. Supp. 2d 313, 324 (E.D.N.Y. 2006)

("Plaintiff bears the burden of demonstrating the 'unreasonableness' of the forum selection

clause"); *Iero v. Mohawk Finishing Products, Inc.*, 243 Ga.App. 670, 671, 534 S.E.2d 136,

138 (2000) (noting Georgia adopted the United States Supreme Court's analysis in *The M/S*

*Bremen* regarding the enforcement of forum selection clauses).  No such argument can be made

in this case.

Where, as here, "such clauses grow out of arms-length negotiations between

sophisticated business persons, such a showing is difficult to make." *Faberge USA, Inc. v.*

*Ceramic Glaze, Inc.,* No. 87 Civ. 5780, 1988 WL 31853, at *3 (S.D.N.Y. Mar. 28, 1988) (citing

*The M/S Bremen,* 407 U.S. at 12).  It follows, therefore, that courts enforce forum selection

clauses despite potential inconvenience by one of the parties.  Where "one party's witnesses will

be inconvenienced regardless of where the case is tried, the forum selection clause expressly

agreed to by the parties deserves even more weight." *JVC Prof'l Prods., Co. v. HT Elec., Inc.,*

No. 99 Civ. 3425, 1999 WL 1080280, at *2 (S.D.N.Y. Dec. 1, 1999).  The forum selection clause

is particularly important to Hartwell, whose business operations and witnesses are located in

Hartwell, Georgia.  The plaintiff should not be permitted to ignore this freely negotiated

provision and force Hartwell to litigate its claims outside of the mutually chosen forum.  Here,

there is no valid rationale for ignoring the forum selection clause.

As is clear from the face of the Complaint, there is also no allegation of fraud or

overreaching leading to the incorporation of the forum selection clause into the agreement, and

no basis for any argument that plaintiffs would be unable to obtain relief on its claims in the

courts of Georgia.  There is therefore no public policy interest weighing against the resolution of

this dispute in a Georgia court.  As a result, this action can be brought *only* in the designated

forum; the District of Georgia.

Under the circumstances before the Court, the forum selection clause must apply, and the

Complaint must be dismissed as a matter of law.[3]

## CONCLUSION

For the reasons set forth herein, defendant Hartwell respectfully requests that this Court

dismiss the Complaint against it, and grant such other and further relief as this Court deems just

and proper.

Dated:    New York, New York              Respectfully Submitted,
          July 22, 2008

                                          BRUNE & RICHARD LLP

                                          By:    /s/ Claire Coleman
                                                 Hillary Richard (HR 6941)
                                                 Claire Coleman (CC 2552)
                                                 BRUNE & RICHARD LLP
                                                 80 Broad Street
                                                 New York, New York 10004
                                                 (212) 668-1900
                                                 hrichard@bruneandrichard.com
                                                 coleman@bruneandrichard.com

                                                 *Attorneys for Hartwell Industries, Inc.*

---

[3]    Because the Statute of Limitations for plaintiffs' breach of contracts claims in Georgia is six years, Ga. Code Ann. § 9-3-24, such claims are not at risk of running in the immediate future, and the interests of justice do not require transferring the action pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) rather than dismissing the action. *See Wolf v. AVX Corp.*, No. 08 Civ. 934, 2008 WL 2695092, at *3 (S.D.N.Y. June 27, 2008)