## Table of Authorities

*Phillips v. Audio Active Limited*
494 F.3d 378 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Private One of New York, LLC v. JMRL Sales & Service, Inc.*
471 F. Supp. 2d 216 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Summers v. Guss*
7 F. Supp. 2d 237 (W.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TOTAL SPORTS RESOURCES, LLC          :   No. 08 CV 5865 (MGC)
and FOREIGN RESOURCES CORPORATION,
                                     :
              Plaintiffs,
                                     :   ECF
     -against-
                                     :
HARTWELL INDUSTRIES, INC.,
                                     :
              Defendant.
------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### PRELIMINARY STATEMENT

Plaintiffs, Total Sports Resources, LLC and Foreign Resources Corporation, submit this memorandum of law in opposition to the motion of defendant, Hartwell Industries, Inc., to dismiss the complaint for lack of jurisdiction and improper venue due to a forum selection clause.

### FACTS

Plaintiff, Total Sports Resources, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business in New York, New York. Plaintiff, Foreign Resources Corporation is a New York corporation, also with its principal place of business in New York, New York. Defendant, Hartwell Industries, Inc. (hereinafter "Hartwell"), is

a Delaware corporation, with its principal place of business in Hartwell, Georgia; its parent, Patriarch Partners, LLC, has its principal place of business in New York, New York.

On or about August 17, 2005, "Total Sports Resources" entered into a "Buying Agency Agreement" with Hartwell, whereby it was agreed that Total Sports Resources, LLC would act as a buying agent for Hartwell for all products of Hartwell on a worldwide basis. Such Buying Agency Agreement was signed on behalf of Hartwell by Michel Kuzmowycz, its director of sourcing. The Buying Agency Agreement is annexed to the complaint as Exhibit A. It provides in paragraph 1 that it shall continue until the expiration of thirty days from the date of mailing by either party to the other at any time, by registered mail, of notice of cancellation; as no such notice was ever sent or received, said Buying Agency Agreement continues in effect. That Agreement contains no forum selection clause of any nature.

On December 11, 2005, Hartwell entered into an "Exclusive Distributor Agreement", which was signed by Jody Tanner, vice president of sales, on behalf of Hartwell, and by Jason Kra on behalf of Foreign Resources Corporation. Such Exclusive Distributor Agreement covered only the United States and only athletic apparel, whereby Hartwell was appointed as the exclusive distributor of Foreign Resources Corporation of co-developed athletic apparel products in defined market segments. The Exclusive Distributor Agreement did not cover Hartwell's principal products such as outerwear. While the Buying Agency Agreement was prepared by Total Sports Resources after negotiations in New York, the Exclusive Distributor Agreement was prepared by defendant by utilizing and adapting a form it had used for Liz Claiborne and adapting it.

The complaint herein was filed on June 30, 2008. It contains four claims for relief. The first claim is for breach of the Buying Agency Agreement, in that Hartwell failed to pay commissions for sales of products delivered and received by Hartwell, as a result of which Total Sports Resources, LLC is owed $79,836.77. The second count is for breach of the Exclusive Distributor Agreement, in that Hartwell failed to pay $86,450.13 for orders which it cancelled after fabric had been purchased and $275,000.00 for Hartwell's orders which were ready overseas, as the result of which the sum of $361,450.13 is owing to Foreign Resources Corporation. It is alleged in the complaint that Hartwell's only stated reason for non-payment was its financial difficulties. Hartwell's former chief executive officer, who now works in Michigan, admitted that payment was due, but his replacement has refused to make payment because of Hartwell's alleged financial difficulties. Demand letters to Hartwell's parent, Patriarch Partners, LLC in New York, New York and to its new chief executive officer have gone unanswered.

Paragraph 17 of the Exclusive Distributor Agreement provides:

> "Any dispute, controversy, or other proceedings arising out of or related to this Agreement, will be subject to the exclusive jurisdiction of the state and federal courts located in Atlanta, Georgia, and the parties hereby submit to the personal jurisdiction and venue of such courts."

As stated previously, the Buying Agency Agreement contains no forum selection clause.

## POINT II

### ENFORCEMENT OF A FORUM SELECTION CLAUSE CONTAINED IN ONLY ONE OF TWO SEPARATE AGREEMENTS WOULD BE UNJUST AND UNREASONABLE.

The applicable law regarding forum selection clauses and their enforcement is not the subject of dispute. As noted by defendant in its memorandum in support of its motion to dismiss, the courts have addressed such clauses on numerous occasions.

The United States Court of Appeals for the Second Circuit has specified the factors that are to be used in determining whether to dismiss a claim based upon a forum selection clause. *Phillips v. Audio Active Limited*, 494 F.3d 378 (2d Cir. 2007). As the Court of Appeals stated, a four-part analysis is involved.

The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. Apparently, Hartwell simply took a form agreement used on another unrelated transaction and adapted it; there is no evidence that the forum selection clause was ever negotiated between the parties or brought to the attention of plaintiffs. As the affidavit of the executive vice president of Total Sports Resources submitted herewith makes clear, the parties have proceeded on an informal basis, and he had no awareness of any forum selection clause.

The third part of the four-part analysis asks whether the claims and parties involved in the suit are subject to the forum selection clause. Initially, it must be noted that the Buying Agency Agreement of August 17, 2005 contains no forum selection clause; thus, venue would

properly lie in this Court for a claim of breach of the Buying Agency Agreement, which was negotiated and performed in New York.

In order to avoid the lack of any forum selection clause in the Buying Agency Agreement, defendant now claims that said agreement was superceded by the Exclusive Distributor Agreement of December 11, 2005. This argument is incorrect on its face. The boilerplate language in paragraph 18(l) of the Exclusive Distributor Agreement provides that said Agreement supercedes all prior agreements "between the parties...<u>with respect to the subject matter hereof</u>" [emphasis added]. Not only are the parties different in the two agreements, but they cover different subject matter.

The Buying Agency Agreement provides that Total Sports Resources, LLC would act as the buying agent for Hartwell for all products of Hartwell on a worldwide basis, while the Exclusive Distributor Agreement, which was signed only on behalf of Foreign Resources Corporation and Hartwell, covers only the United States and only athletic apparel, whereby Hartwell was appointed as the exclusive distributor of Foreign Resources Corporation of co-developed athletic apparel products in defined market segments. The Exclusive Distributor Agreement did not cover Hartwell's principal products such as outerwear.

In *Summers v. Guss*, 7 F. Supp. 2d 237 (W.D.N.Y. 1998), the Court did not find that the promissory note at issue "concerns the same subject matter" as the stock purchase agreement and the other promissory note and that "the loan agreement and note at issue here are separate and distinct legal obligations that could be enforced without regard to the performance of the stock

purchase agreement and other promissory notes." The Court found that parties could easily have placed the forum selection clause in the note, but they did not and that the promissory note at issue was thus not governed by any forum selection clause; the motion to dismiss was accordingly denied.

Total Sports Resources, LLC and Foreign Resources Corporation are separate entities, owned by the same family and having the same address in New York, New York. Total Sports Resources is not a division of Foreign Resources Corporation, and Foreign Resources Corporation is not a wholly-owned subsidiary of Total Sports Resources.

Further, the forum selection clause applies to "any dispute, controversy, or other proceedings arising out of or related to this Agreement...." It is obvious that the intent of said clause is that a genuine dispute or controversy must exist for the clause to be applicable. However, as the complaint and the affidavit of J. Chichelo submitted herewith make clear, Hartwell has not disputed that it owes the amounts sued for herein; there simply is no genuine dispute or controversy, and thus ***there is nothing in dispute herein that arises out of or is related to the Exclusive Distributor Agreement***. The only reason given for non-payment has been Hartwell's financial difficulties. This can be attested to by Rick Cesere, Hartwell's chief executive officer during the relevant time period, who now works for another entity in Michigan. The decision of Hartwell's new chief executive officer, who was appointed after the events herein, not to respond to demands for payment and to refuse payment, constitutes no defense to the claims herein.

The fourth and final step in the four-part analysis is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that

enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching. To enforce the forum selection clause herein would be clearly unjust and unreasonable because:

    i.    The Buying Agency Agreement contains no forum selection clause and is still in effect;

    ii.    The Buying Agency Agreement and Exclusive Distributor Agreement are separate agreements covering different subject matter and even involve different parties;

    iii.    The Exclusive Distributor Agreement does not supercede the Buying Agency Agreement, as they cover different subject matter and involve different parties; and

    iv.    There is no genuine dispute which would justify invoking the forum selection clause, as Hartwell's stated reason for non-payment has been its financial difficulties.

Hartwell acknowledges in its memorandum that the facts must be viewed in the light most favorable to plaintiff. As stated in *Private One of New York, LLC v. JMRL Sales & Service, Inc.*, 471 F. Supp. 2d 216 (E.D.N.Y. 2007):

> 'A disputed fact may be resolved in a manner adverse to the plaintiff only after an evidentiary hearing.'...Accordingly, 'a party seeking to avoid enforcement of such a contractual clause is...entitled to have the facts viewed in the light most favorable to it, and no disputed fact should be resolved against that party until it has had an opportunity to be heard.'"

Thus, any disputed facts on this motion should be resolved after an evidentiary hearing. Certainly, at a minimum, there is no justification for finding that claims under the Buying Agency Agreement be heard in Atlanta, Georgia, especially when the witnesses are in New York and

Michigan. It is also to be pointed out that Jody Tanner, Hartwell's officer who signed the Exclusive Distributor Agreement, is no longer is employed by Hartwell.

In sum, to require plaintiff to expend additional time and funds to litigate in Atlanta, Georgia would serve only to reward Hartwell for its obvious delaying tactics in meeting its obligations.

## CONCLUSION

For the aforesaid reasons, defendant's motion to dismiss the complaint should be denied.

Dated: August 5, 2008
      New York, New York

Respectfully submitted,

KALNICK, KLEE & GREEN, LLP

By: *Allen Green*
Allen Green
Attorneys for Plaintiffs
767 Third Avenue
New York, New York 10017
(212) 751-2400

C:\GREEN\FOREIGN\HARTWELL\MOL OPPOSITION 8-4-08.wpd