**FILED ELECTRONICALLY**

Hillary Richard (HR 6941)
Claire Coleman (CC 2252)
BRUNE & RICHARD LLP
80 Broad Street
New York, New York 10004
(212) 668-1900


Attorneys for Hartwell Industries, Inc.

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOTAL SPORTS RESOURCES, LLC and FOREIGN RESOURCES CORPORATION, | |
| Plaintiffs, | No. 08 CV 5865 (MGC) |
| v. | ECF |
| HARTWELL INDUSTRIES, INC., | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF HARTWELL INDUSTRIES, INC.'S MOTION TO DISMISS COMPLAINT**

Dated:   New York, New York
          August 19, 2008

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................1

I.     PLAINTIFFS' CHALLENGE TO THE MANDATORY FORUM SELECTION
CLAUSE FAILS ...........................................................................................................1

     A.     The Forum Selection Clause was Reasonably Communicated................................2

     B.     Both the Parties and the Claims in this Lawsuit are Subject to the Forum
Selection Clause .................................................................................................4

     C.     The Forum Selection Clause is Neither Unreasonable or Unjust ...........................8

II.     EVEN IF THE COURT FOUND THE DISTRIBUTOR AGREEMENT DOES
NOT SUPERCEDE THE BUYERS AGREEMENT, THE CLAIMS MUST BE
DISMISSED ON JURISDICTIONAL GROUNDS ............................................................9

III.     NO EVIDENTIARY HEARING IS NECESSARY TO DISMISS THIS ACTION.........10

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*College Auxiliary Servs. of State Univ. College at Plattsburgh, Inc. v. Slater Corp.,*
   90 A.D.2d 893, 456 N.Y.S.2d 512, 513 (3d Dep't 1982) ........................................... 6

*Computer Servs. Group, Inc., v. Apple Computer, Inc.,*
   No. 01 Civ. 7918, 2002 WL 575649 (S.D.N.Y. April 16, 2001)................................. 4

*Direct Mail Prods. Servs. Ltd. v. MBNA Corp.,*
   No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2007).............................. 10

*Greater New York Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,*
   211 F.R.D. 71 (E.D.N.Y. 2002)................................................................................ 2

*Health-Chem Corp. v. Baker,*
   915 F.2d 805 (2d Cir.1990) ...................................................................................... 6

*Independent Energy Corp. v. Trigen Energy Corp.,*
   944 F. Supp. 1184 (S.D.N.Y. 1996) ......................................................................... 6

*Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.,*
   03 Civ. 5262, 2004 WL 421793, 3 (S.D.N.Y. March 5, 2004) ..................................... 3, 4, 8, 11

*Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.,*
   472 F.3d 33 (2d Cir. 2006) ....................................................................................... 3

*Phillips v. Audio Active Ltd.,*
   494 F.3d 378 (2d Cir. 2007). ................................................................................. 2, 5, 8, 10

*Private One of New York, LLC v. JMRL Sales & Service, Inc.,*
   471 F. Supp. 2d 216 (E.D.N.Y. 2007) ..................................................................... 3

*RJE Corp. v. Northville Indus. Corp.,*
   329 F.3d 310 (2d Cir. 2003) ....................................................................................2-3

*Uniwire Trading LLC v. M/V Wladyslaw Orkan,*
   No. 07 Civ. 3427, 2008 WL 2627140 (S.D.N.Y. June 30, 2008)............................ 10

*Vitricon, Inc. v. Midwest Elastomers, Inc.,*
   148 F. Supp. 2d 245 (E.D.N.Y. 2001) ..................................................................... 4

**Statutes**

28 U.S.C. § 1332(a)(2).............................................................................................. 9

**Other Authorities**

RESTATEMENT (SECOND) OF CONTRACTS § 279 & cmt. a ................................................ 6

AMJUR FEDCOURTS § 1047......................................................................................... 9

Defendants Hartwell Industries, Inc. ("Hartwell"), by and through their attorneys, Brune & Richard LLP, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3).

## INTRODUCTION

In its opposition brief ("Opp'n Br."), Total Sports Resources, LLC ("TSR") and Foreign Resources Corporation ("FRC" collectively, "plaintiffs" or the "company") failed to articulate any legitimate reason why the forum selection clause in the Exclusive Distributor Agreement (the "Distributor Agreement") that they knowingly and willingly signed should not be enforced. The forum selection clause, which clearly and unambiguously requires plaintiffs to litigate all disputes arising from the Distributor Agreement in Georgia, plainly applies to both FRC and TSR, and to their breach of contract claims against Hartwell in this lawsuit. As described below, plaintiffs have not met the heavy burden required to overcome the forum selection clause's presumption of validity, and this action must be dismissed for failure to comply with its terms.

## ARGUMENT

### I.    PLAINTIFFS' CHALLENGE TO THE MANDATORY FORUM SELECTION CLAUSE FAILS

Plaintiffs do not dispute that courts are to give broad consideration to forum selection clauses – especially where they are mandatory, as is the case here.[1]  Instead, plaintiffs attempt to reneg on the terms of the Exclusive Distributor Agreement (the "Distributor Agreement") it knowingly entered into on December 11, 2005.  But none of plaintiffs' arguments under the Second Circuit's four-part analysis used to determine whether to dismiss a claim based on a

---

[1]    Plaintiffs do not challenge the enforceability of the Forum Selection Clause based on the second prong set out in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) – whether the forum selection clause is mandatory – nor could they, because the language in the Distributor Agreement is on its face clearly mandatory.  (*See* Defendant Hartwell's Memorandum of Law in Support of Motion to Dismiss at 9.)

forum selection clause have any merit.  The Second Circuit's "strong policy of honoring forum selection clauses as written" must be upheld and enforced here.  *Greater New York Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,* 211 F.R.D. 71, 84 (E.D.N.Y. 2002).

**A.    The Forum Selection Clause was Reasonably Communicated**

Plaintiffs' challenge to the forum selection clause based on the first inquiry under the *Philips* four-part test: "whether the clause was reasonably communicated to the party resisting enforcement," *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007), must be rejected. Plaintiffs attempt to reneg on the terms of the Distributor Agreement by stating that "Hartwell simply took a form agreement used on another unrelated transaction and adapted it; there is no evidence that the forum selection clause was ever negotiated between the parties or brought to the attention of plaintiffs."  This argument is both factually inaccurate and legally irrelevant.

As explained in the Declaration of Robert Davies, Chief Financial Officer of Hartwell Industries, the Distributor Agreement was in fact negotiated through an attorney.  (*See* Declaration of Rob Davies ("Davies Decl.") ¶ 4.)  The fact that the Executive Vice President of TSR, Jerry Chichelo, avers that he had no awareness of the forum selection clause is completely irrelevant, as he was not the signatory of the Distributor Agreement.  (*See* Compl. Ex. B.)  As Chichelo admits, the Exclusive Distributor Agreement was signed by Jason Kra, (*see* Chichelo Aff. ¶ 3), the owner of FRC and TSR.  (*See* Davies Decl. ¶ 6, Ex. A.)   More importantly, the fact that certain employees at the company may not have been aware of the forum selection clause has no bearing on its enforceability.   The language of the Distributor Agreement and the Forum Selection Clause is unambiguous.  Therefore, this Court cannot consider evidence concerning plaintiffs' understanding or intent at the time it signed the Distributor Agreement. *RJE Corp. v. Northville Indus. Corp.,* 329 F.3d 310, 314 (2d Cir. 2003) ("Where a 'contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four

corners of the instrument, and not from extrinsic evidence.'") (quoting *De Luca v. De Luca,* 300 A.D.2d 342, 342, 751 N.Y.S.2d 766 (2002)); *see also Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.,* 472 F.3d 33, 42 (2d Cir. 2006) ("When [contractual] provisions are unambiguous and understandable, courts are to enforce them as written."); *Private One of New York, LLC v. JMRL Sales & Serv., Inc.*, 471 F. Supp. 2d 216, 223-224 (E.D.N.Y. 2007) (relied on in plaintiffs' Opp'n Brief at 7.)

Additionally, even if the terms of the forum selection clause weren't specifically "negotiated," the clause is still enforceable as a matter of law.  Like other forum selection clauses that have been upheld, the clause in the Distributor Agreement was in no way hidden from plaintiffs or "buried in contract minutia. Rather, the clause was its own paragraph, set-off by a title clearly indicating its purpose." *Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 03 Civ. 5262, 2004 WL 421793, at *5 (S.D.N.Y. March 5, 2004) ("Far less clear and significantly more camouflaged forum selection clauses have been upheld by courts.") (citing *Carnival Cruise Lines, Inc.,* 499 U.S. 585 (1991); *Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7 (2d Cir.1995).)  Just as the court found in *Mercury West*, here, "[t]he plainly obvious presence of the provision within the contract was enough to both provide [plaintiffs] with the requisite notice and to have prompted [plaintiffs'] option to reject the provision or the contract had it so desired. *Id.* (citing *Computer Servs. Group, Inc. v. Apple Computer, Inc.,* 2002 WL 575649, at *1 (S.D.N.Y. Apr. 16, 2002).)  Because plaintiffs did not object to the forum selection clause, but did sign the Distributor Agreement, all terms therein must be upheld.

Moreover, "[t]he forum selection clause need not have been the subject of express negotiation to be considered a bargained for benefit of the contract. A forum selection clause included in a non-negotiated form contract has the power to bind parties." *Id.* (citing *Karl Koch*

3

*Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp.,* 838 F.2d 656, 659 (2d Cir.1988) (holding that the absence of negotiation over the terms of a contract does not render a forum selection clause unenforceable); *Computer Servs. Group, Inc., v. Apple Computer, Inc.*, No. 01 Civ. 7918, 2002 WL 575649, at *1 (S.D.N.Y. April 16, 2001) (stating that a forum selection clause can bind the contracting parties even where the agreement is a form contract and not subject to negotiation); *see also Vitricon, Inc. v. Midwest Elastomers, Inc.,* 148 F. Supp. 2d 245, 247 (E.D.N.Y. 2001) ("Where a company conducts business in many states, a non-negotiated forum selection clause included in a sales contract may be enforced even if it was not the subject of bargaining.").

Finally, the fact that the Distributor Agreement may have been modeled off of a similar contract between Hartwell and Liz Claiborne is also irrelevant. "All the Court need believe in order to find the forum selection clause valid is that the clause and the contract are the products of an arm's-length business agreement." *Mercury West A.G., Inc.*, 2004 WL 421793, at *5. (citing *Bremen,* 407 U.S. 1, 10 (1972); *Medoil Corp. v. Citicorp,* 729 F. Supp. 1456, 1459 (S.D.N.Y. 1990).) Such is the case with respect to the Distributor Agreement between plaintiffs and Hartwell, regardless of the fact that it may have been adapted from another contract used by Hartwell. *See Id.* (enforcing a forum selection clause in "a form contract.") Therefore, even assuming the terms of the forum selection clause "were not the subject of actual bargaining, the clause is still valid and enforceable." *Id.*

B.    **Both the Parties and the Claims in this Lawsuit are Subject to the Forum Selection Clause**

Plaintiffs' claim that the forum selection clause should not be enforced because the parties are different in the two agreements and because they cover different subject matter are

unsupported by the clear terms of the controlling agreements.[2]

     *First*, plaintiffs' attempt to claim that that the Exclusive Distributor Agreement is only between FRC and Hartwell, and not also Total Sports, has no merit.  The Agreement specifically states:

> This Exclusive Distributor Agreement ("Agreement") is entered into as of 12-11-05 (the "Effective Date") by and between **Hartwell Industries**, inc., a Delaware corporation, located at 97 Winfield Circle, Hartwell Georgia 30643 ("Hartwell"), and **Total Sports Resources,** a division of **Foreign Resources Corporation**, a corporation with offices located at 500 7th Ave. 5th floor New York, NY 10019 (the "Company")

(Compl. Ex. B at 1.) (emphasis in original)  This language clearly and unequivocally binds TSR, which is defined as a division of FRC.  TSR is also clearly and unequivocally the only contracting party in the Buying Agency Agreement.  (Compl. Ex. A.)  Thus, the parties in both agreements are the same.[3]

     *Second*, the fact that plaintiffs' first cause of action arises out of the Buyers Agreement – which did not have a forum selection clause – is irrelevant because the Distributor Agreement superseded the Buyers Agreement.  (*See* Compl. Ex. B ¶ l.) ("This Agreement, including Exhibits attached hereto, *constitutes the complete and exclusive statement between the parties and supersedes all prior agreements, understandings, and communication of any kind by and between the parties*, whether written or oral, with respect to the subject matter hereof.) (emphasis added).

---

[2]    As set out in *Philips,* Part three of the four-party inquiry "asks whether the claims and parties involved in the suit are subject to the forum selection clause.  If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable."  *Phillips,* 494 F.3d at 383-84 (citing *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1358-63 (2d Cir.1993).

[3]    The fact that FRC is also a party to the Distributor Agreement has no effect on the fact that the contract is still fully enforceable against TSR, a defined party to the agreement.  This is especially true because FRC and TSR clearly act as one entity in its dealings and transactions with Hartwell.  (*See* Davies Decl. ¶ 7; Chichelo Aff. Ex. E.)

New York law gives full effect to integration and merger clauses.  *See Health-Chem Corp. v. Baker,* 915 F.2d 805, 811 (2d Cir. 1990) ("When the parties to a contract enter into a new agreement that expressly supersedes the previous agreement, the previous agreement is extinguished, thereby reducing the remedy for breach to a suit on the new agreement.") (citing *Citigifts, Inc. v. Pechnik,* 112 A.D.2d 832, 492 N.Y.S.2d 752 (1st Dep't 1985), *aff'd mem.,* 67 N.Y.2d 774, 500 N.Y.S.2d 643 (1986)).  Even in the absence of an integration and merger clause, "under New York law, a subsequent contract regarding the same subject matter supersedes the prior contract." *Independent Energy Corp. v. Trigen Energy Corp.,* 944 F.Supp. 1184, 1195-96 (S.D.N.Y.1996) (citing *Barnum v. Millbrook Care Ltd. P'ship,* 850 F. Supp. 1227, 1236 (S.D.N.Y. 1994), *aff'd,* 43 F.3d 1458 (2d Cir.1994)); *see also College Auxiliary Servs. of State Univ. College at Plattsburgh, Inc. v. Slater Corp.,* 90 A.D.2d 893, 456 N.Y.S.2d 512, 513 (3d Dep't 1982) (later written agreement merges and integrates prior agreements and negotiations); RESTATEMENT (SECOND) OF CONTRACTS § 279 and cmt. a.

Plaintiffs' argument that the Distributor Agreement does not supersede the Buying Agreement because they are not of the same subject matter is rebutted by the clear terms of the agreements.  Both the Buying Agency Agreement and the Distributor Agreement state that TSR shall serve as a buying agent for Hartwell.  (*See* Compl. Exs. A, B) (Buying Agency Agreement ("Buyer hereby appoints agent as its buying agent worldwide"); Distributor Agreement ("Company shall act as buying agent for Hartwell and Company").)  While the Distributor Agreement makes TSR and FRC the exclusive distributor of co-developed athletic apparel, in addition to continuing to serve as Hartwell's "buying agent for raw materials and supplies for the product," such expansion of the relationship does not mean that the agreements were of a different subject matter.

Plaintiffs' argument that the Agency Agreement related to all products on a worldwide basis, whereas the Distributor Agreement only covered athletic apparel in the United States is misplaced. First, plaintiffs never bought anything other than athletic wear for Hartwell, so plaintiffs' argument that the Distributor Agreement did not cover other products such as outerwear is a red herring. (*See* Davies Decl. ¶ 9.) Second, the Distributor Agreement provided that plaintiffs would be the exclusive distributor of Hartwell's athletic apparel in the United States in order to prevent plaintiffs from creating another competitive product in the marketplace. But the Distributor Agreement, like the Buying Agreement, provided that plaintiffs could serve as Hartwell's buying agent in any market, and in fact had continued to buy products from factories across the world. (*See Id.* at ¶ 10.) In addition, the Distributor Agreement maintains the same commission rate of 8% that was originally contracted for in the Buying Agency agreement. (*Cf.* Buying Agreement ¶ 8(a) and Distributor Agreement ¶ 6(a).) The Distributor agreement therefore may expand and refine the business relationship between the two parties, but encompasses the previous buying agent relationship between the parties. Therefore, there is no dispute that both contracts address the same subject matter.

*Finally*, plaintiffs attempt to argue that the forum selection clause does not apply to their claims before this court because Hartwell purportedly admitted to owing plaintiffs money should be rejected out of hand. This argument is specious given the forum selection clause's clear terms that "any dispute, controversy, or proceedings arising out of or related to this agreement" shall be litigated in Georgia. This breach of contract claim is exactly the type of "dispute" and "proceeding" contemplated by the clause. Moreover, Hartwell does dispute plaintiffs' claims in this lawsuit. The emails attached to the Chichelo Affidavit in no way support plaintiffs' assertion that Hartwell admitted it owes plaintiffs the amount of money it seeks in this lawsuit.

As explained in Mr. Davies' affidavit, plaintiffs failed to perform under the terms of the contract.

They often provided Hartwell with damaged goods and filled orders incorrectly.  (Davies Decl.

¶¶ 13-15, Exs. B, C.)  Therefore, Hartwell Industries has no obligation to pay the amounts

plaintiffs claim they are owed.  There is no reasonable basis to argue that this breach of contract

proceeding is not subject to the forum selection clause in the Distributor Agreement.

### C.    The Forum Selection Clause is Neither Unreasonable or Unjust

Plaintiffs do not offer any additional reasons for why enforcing the forum selection

clause would be unreasonable or unjust.[4]  Rather, they simply summarize their previously made

arguments.  They have failed to put forth any allegations of fraud or overreaching in the

negotiation of the contract, or any other particular reason why enforcement of the clause would

be unjust.  To the contrary, as found in *Mercury West,* "[t]o ignore the forum selection clause

even though it is unambiguously set forth in the body of a binding contract between two

corporations would be the unreasonable and unjust act.  Not only would such a decision allow

[plaintiffs] to pick and choose which contract terms it wants enforced, it would deprive

[defendants] of a bargained for benefit of the [Agreement]." *Id.* (citing *Princeton Pike Park, Inc.*

*v. High-Tec, Inc.,* No. 89 Civ 6696, 1990 WL 96755, at **15-16 (S.D.N.Y. July 3, 1990).)

Plaintiffs should not be permitted to ignore this freely negotiated provision and force Hartwell to

litigate plaintiffs' claims outside of the mutually chosen forum.

---

[4]        "The fourth, and final, step is to ascertain whether the resisting party has rebutted
           the presumption of enforceability by making a sufficiently strong showing that
           'enforcement would be unreasonable or unjust, or that the clause was invalid for
           such reasons as fraud or overreaching.'" *Phillips,* 494 F.3d at 383-84 (quoting
           *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972).)

## II.   EVEN IF THE COURT FOUND THE DISTRIBUTOR AGREEMENT DOES NOT SUPERCEDE THE BUYERS AGREEMENT, THE CLAIMS MUST BE DISMISSED ON JURISDICTIONAL GROUNDS

Even if the Court found that the Distributor Agreement did not supersede the Buyers Agreement and therefore the forum selection clause should only apply to Count Two, the claim which seeks money allegedly owed under the Distributor Agreement, plaintiffs' claims must be dismissed based on the statutory amount-in-controversy requirement for diversity jurisdiction. Count One, which purports to be based on the Buyers Agreement, does not meet the jurisdictional amount in controversy. The Complaint alleges that the sum owed is $79,830.77,[5] but as Mr. Davies explains, even if Hartwell had no defenses, Hartwell's records show that the maximum amount of commissions withheld only totaled $68,777.09. (*See* Davies Decl. At ¶ 18, Ex. D.) *See also* AMJUR FEDCOURTS § 1047 ("affidavits have traditionally been a favorite method—available to both parties —of supplementing the pleadings to show the value of the amount in controversy.") (citing *Morris v. Gilmer*, 129 U.S. 315 (1889); *Federal Wall Paper Co. v. Kempner*, 244 F. 240 (N.D.N.Y. 1917).) Therefore, at most plaintiffs' claim for commissions under Count One could amount to $68,777.09.

Because there is less than $75,000 in controversy, standing alone, this court lacks subject matter jurisdiction over Count I. *See* 28 U.S.C. § 1332(a)(2) ( "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... (2) citizens of a State and citizens or subjects of a foreign state."). Therefore, even if the Court found the forum selection clause only applied to Count II, and not Count I, the claims still must be dismissed because Count I

---

[5]     As explained in the Chichelo Affidavit, Count III is a restatement of Count I's claim to recover the sum of $79,836.77 for unpaid commissions, and Count IV is a restatement of the amounts owed in counts I and II together. (*See* Chichelo Aff. ¶ 6.)

cannot – on its own – meet the statutory amount-in-controversy requirement for diversity jurisdiction.

### III.    NO EVIDENTIARY HEARING IS NECESSARY TO DISMISS THIS ACTION

Finally, the Court need not conduct an evidentiary hearing before determining, on a motion to dismiss, that parties are bound by a forum selection clause.  While in certain circumstances evidentiary hearings are appropriate to interpret a forum selection clause, this is not such a case because the court can resolve this motion based on the pleadings and affidavits submitted by the parties. *See Phillips v. Audio Active Ltd.,* 494 F.3d 378, 384 (2d Cir. 2007). Only "[i]f the submissions reveal any material issues of fact, and so long as the plaintiff has made a *prima facie* showing of the propriety of proceeding with the action, the court should resolve any factual disputes following an evidentiary hearing at which the plaintiff is afforded an adequate opportunity to be heard.  *In the absence of any disputed facts, the issue is one of law which the court must decide.*"  *Uniwire Trading LLC v. M/V Wladyslaw Orkan*, No. 07 Civ. 3427, 2008 WL 2627140, at **1-2 (S.D.N.Y. June 30, 2008) (internal quotation and citations omitted) (emphasis added).  Here, plaintiffs have failed to make the required prima facie showing.

If a forum selection clause is found to be exclusive and to encompass the parties and claims, "the court *must* dismiss the action for lack of jurisdiction…absent a clear showing from [plaintiffs] that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Direct Mail Prods. Servs. Ltd. v. MBNA Corp*., No. 99 Civ. 10550, 2000 WL 1277597, at * 3 (S.D.N.Y. Sept. 7, 2007).  Here, plaintiffs have made no legitimate challenge to the validity or reasonableness of the agreements' forum selection clauses that would require a hearing.  Even taking the factual allegations in the Complaint as true, based on the foregoing arguments and the attached affidavit, the forum selection clause can be found to

encompass the parties and claims in this action.  A hearing would not provide the Court with any additional information not already set out in the affidavits, and would be a waste of the Court's and the parties' time and resources.  Plaintiffs have not met "the heavy burden of making a 'strong showing' in order to overcome the presumption of validity from which these clauses benefit."  *Mercury West A.G., Inc*., 2004 WL 421793 at *3.  Thus, the forum selection clauses may be applied without a prior evidentiary hearing, and plaintiffs' entire complaint should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, and in Hartwell's moving brief, plaintiffs' claims against Hartwell set forth in the Complaint should be dismissed without a hearing.


Dated:    New York, New York                    Respectfully Submitted,
          August 19, 2008

                                                BRUNE & RICHARD LLP

                                                By:    /s/ Claire Coleman
                                                       Hillary Richard (HR 6941)
                                                       Claire Coleman (CC 2552)
                                                       BRUNE & RICHARD LLP
                                                       80 Broad Street
                                                       New York, New York 10004
                                                       (212) 668-1900
                                                       hrichard@bruneandrichard.com
                                                       ccoleman@bruneandrichard.com

                                                       *Attorneys for Hartwell Industries, Inc.*

11